# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

TIMOTHY J. KAPRELIAN,

        Petitioner,

   v.                                 Case No.  14-C-618

LIZZIE TEGELS,

        Respondent.

---

**DECISION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

---

This is a case for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner Timothy J. Kaprelian, who is representing himself, is incarcerated in a Wisconsin state prison serving a 50 year sentence imposed after he pleaded no contest to two counts of second-degree sexual assault/use of force and one count of false imprisonment, in violation of Wis. Stat. §§ 940.225(2)(a) and 940.30. As explained in the screening order entered earlier in this case, the petitioner makes seven claims: (1) he should be permitted to withdraw his pleas because they were not knowing, intelligent, and voluntary; (2) the judge who presided over the state trial court proceedings was biased against him; (3) the prosecution fabricated evidence and withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (4) the trial court erred by denying his motion to suppress evidence; (5) his trial counsel provided constitutionally deficient representation; (6) his appellate counsel provided constitutionally deficient representation; and (7) the trial court sentenced him based on inaccurate information.  For the reasons explained below, the court denies the petition.

## BACKGROUND

On July 1, 2006, police arrived at a home that the petitioner shared with the victim (his roommate and former girlfriend), acting on information the police received from the victim's sister.

The night before, the petitioner had held the victim captive while he battered and sexually assaulted her for hours. He videotaped portions of the assault. The victim allowed the officers to enter the home, and they found the petitioner asleep in a bedroom. The officers arrested the petitioner. The victim then gave the officers permission to search the home without a warrant, and the officers proceeded to gather evidence, including the videotape documenting portions of the petitioner's abuse of the victim.

In the Circuit Court of Racine County, Wisconsin, represented by counsel, the petitioner moved to suppress the evidence seized during the search of the home. He claimed that the victim did not have actual or apparent authority to consent to the officer's search of the home, and that she did not consent to the extensive search and seizure of property that the police conducted. The trial court concluded that the victim's consent and exigent circumstances justified the warrantless search. After the trial court denied the petitioner's motion to suppress, he pleaded no contest to the charges of false imprisonment and second-degree sexual assault.

After he was sentenced, and still represented by counsel, the petitioner appealed his sentence to the Wisconsin Court of Appeals, which affirmed his sentence. The Wisconsin Supreme Court denied the petitioner's petition for review. Thereafter, proceeding without a lawyer, the petitioner filed numerous postconviction motions under Wis. Stat. § 974.06. The trial court denied all of the petitioner's § 974.06 motions, resulting in two separate appeals. *State v. Kaprelian*, Nos. 2012AP396 and 2013AP1239 (Wis. Ct. App.). In the first appeal, the petitioner argued that the trial court judge should have recused himself due to bias, that his motions alleged sufficient facts to entitle him to an evidentiary hearing on his claim of ineffective assistance of counsel, that his sentence was based on incorrect information contained in the presentence investigation report, and that he was

fraudulently induced to enter his no contest pleas. *See generally* ECF No. 19-10. In the petitioner's second appeal, he argued that he should have been allowed to withdraw his no contest pleas and that the trial judge should have recused himself from hearing the petitioner's motion to withdraw his plea due to bias. *See generally* ECF No. 19-21. The Wisconsin Court of Appeals affirmed the trial court's orders denying the petitioner's § 974.06 motions, and the Wisconsin Supreme Court denied review of the appellate court's decisions. The petitioner then filed his habeas petition in this court.

## ANALYSIS

The court concludes that the petitioner cannot obtain habeas relief on any of his claims. This court cannot review the merits of many of the petitioner's claims, because those claims were procedurally defaulted in the state court system. The petitioner procedurally defaulted a number of his claims by failing to give the state courts adequate information with which to adjudicate the claims he made in his first set of § 974.06 motions, and by failing to present other claims in his first set of § 974.06 motions. The court concludes that none of the petitioner's non-procedurally defaulted claims have merit.

**A.** **State prisoners must present their constitutional claims to the state's highest court before filing those claims in a federal habeas petition.**

State prisoners are required to "exhaust" the remedies available to them in the state court system before a federal district court will consider the merits of constitutional claims in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (noting that if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits"). A federal district court cannot address the merits of the constitutional claims raised in a federal habeas petition "unless

3

the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) (citation omitted).

"A petitioner must raise his constitutional claims in state court 'to alert fairly the state court to the federal nature of the claim and to permit that court to adjudicate squarely that federal issue.'" *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013) (quoting *Villanueva v. Anglin*, 719 F.3d 769, 775 (7th Cir. 2013)). A petitioner exhausts his constitutional claim when he has presented it to the highest state court for a ruling on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Arrieta v. Battaglia*, 461 F.3d 861, 863 (7th Cir. 2006). Once the state's highest court has had a full and fair opportunity to evaluate the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

### B. If a petitioner procedurally defaulted claims in the state court system, a federal court cannot review those claims in a federal habeas petition.

Even if a petitioner exhausts review of his constitutional claim in the state courts, it is possible that a federal habeas court cannot review the claim on the merits because of a "procedural default." A criminal defendant "procedurally defaults" his claim—and loses his right to federal habeas review—if the last state court that issued judgment "'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989) (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)). There can be several kinds of state procedural bars, including, but not limited to, failing "to raise a claim of error at the time or in the place that state law requires." *Trevino v. Thaler*, 569 U.S. 413, 421 (2013).

If the state procedural bar is independent and adequate to support the decision, a federal § 2254 petition does not provide a defendant who has procedurally defaulted his claim in state court

another chance to litigate that defaulted claim in federal court. This doctrine is based on fairness, and, consistent with the exhaustion requirement, the principle that in a federal system, "the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The *Coleman* court explained that "a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Id.* at 732. If the independent and adequate state ground doctrine did not exist, state prisoners could "avoid the exhaustion requirement by defaulting their federal claims in state court," and then litigating those claims on the merits for the first time in federal district court. *Id.* After all, "[a] habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Id.* "The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases" by preventing evasion of the exhaustion requirement. *Id.*

Under the "independent and adequate state ground" doctrine, a constitutional claim cannot be raised in a federal habeas petition if "a state-law default *prevent[ed] the state court* from reaching the merits of a federal claim . . . ." *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991) (emphasis added). "[W]hen a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review." *Cone v. Bell*, 556 U.S. 449, 465 (2009). A state ground is independent "when the court actually relied on the procedural bar as an independent basis for its disposition of the case." *Thompkins v. Pfister*, 698 F.3d 976, 986 (7th Cir. 2012) (quoting

5

*Kaczmarek v. Rednour*, 627 F.3d 586, 592 (7th Cir. 2010)). A state law ground is "adequate" "when it is a firmly established and regularly followed state practice at the time it is applied." *Id.*

When determining if a state ground is adequate, this court does not consider "whether the review by the state court was proper on the merits." *Lee v. Foster*, 750 F.3d 687, 694 (7th Cir. 2014). Discretionary state procedural rules "can serve as an adequate ground to bar federal habeas review." *Beard v. Kindler*, 558 U.S. 53, 60 (2009). If the state court did not review the constitutional claim on its merits pursuant to an independent and adequate state procedural rule, the petitioner must show either (1) cause for the default and resulting prejudice, or (2) that the failure to consider the claims will result in a fundamental miscarriage of justice for the federal habeas court to revive the claim. *Coleman*, 501 U.S. at 750.

When considering whether a state court decision rests on a state procedural default, federal courts must look to "the last explained state-court judgment." *Ylst*, 501 U.S. at 805. "The test to avoid procedural default in federal court is whether the state court's decision rests on the substantive claims primarily, that is, whether there is no procedural ruling that is independent" of the court's decision on the merits of the claims. *Holmes v. Hardy*, 608 F.3d 963, 967 (7th Cir. 2010). However, "a state court that separately reaches the merits of a substantive claim may also produce an independent procedural ruling that bars federal habeas review." *Id.* at 967. The question is whether the state court's procedural ruling is primary. If it is, then the procedural ruling is independent and results in procedural default. *Id.*

C.  **Under Wisconsin law, a postconviction motion under Wis. Stat. § 974.06 must allege claims with factual specificity and must contain all of the defendant's grounds for relief under § 974.06.**

The petitioner's case involves two specific kinds of state procedural bars: (1) the petitioner's failure to give the state courts sufficient information to allow them to meaningfully review federal

6

constitutional claims of ineffective assistance of counsel presented in a § 974.06 motion, and (2) his failure to present all his claims for relief under § 974.06 in his original, supplemental, or amended motion, unless the petitioner demonstrates a sufficient reason for not doing so.

Under Wisconsin's postconviction procedures, a § 974.06 motion is the equivalent of a petition for a writ of habeas corpus. *Morales v. Boatwright*, 580 F.3d 653, 656 (7th Cir. 2009). Generally, for a Wisconsin court to grant an evidentiary hearing to a defendant on a § 974.06 motion, the defendant must allege "sufficient facts to entitle the defendant to a hearing for the relief requested." *State v. Allen*, 274 Wis. 2d 568, 576, 682 N.W.2d 433 (2004). Whether the motion "alleges sufficient material facts that, if true, would entitle the defendant to relief" is a question of law that the state appellate court reviews de novo. *Id.* (citing *State v. Bentley*, 201 Wis. 2d 303, 309–10, 548 N.W.2d 50 (1996)). "If the motion raises such facts, the circuit court must hold an evidentiary hearing." *Id.* By contrast, "if the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing." *Id.* Federal courts follow much the same rule. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet heightened pleading requirements, *see* 28 U.S.C. § 2254 Rule 2(c), and comply with this Court's doctrines of procedural default and waiver.")

In the context of a § 974.06 motion alleging ineffective assistance of counsel, a defendant is entitled to an evidentiary hearing only if the motion alleges facts that, if true, would entitle him to relief under the standards in *Strickland v. Washington*, 466 U.S. 668 (1984). *Allen*, 274 Wis. 2d at 587. Under *Strickland*, a claim of ineffective assistance of counsel has two parts:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687. A § 974.06 motion alleging ineffective assistance of counsel must give the trial court facts that allow the court "to meaningfully assess" the claim, including facts that allow the court to assess the claim of prejudice; conclusory allegations without factual support are insufficient to establish the right to a hearing or relief. *Bentley*, 201 Wis. 2d at 316; *see also Allen*, 274 Wis. 2d at 576.

Thus, *Strickland* explains the substantive standards that the trial court uses to evaluate a § 974.06 motion alleging ineffective assistance of counsel, but *Allen*'s procedural rule governs whether a defendant is entitled to an evidentiary hearing on a § 974.06 motion in the first place. If the defendant does not give the trial court the information required by *Allen*—"the five 'w's' and one 'h'; that is, who, what, where, when, why, and how"—the court can deny his motion without a hearing. 274 Wis. 2d at 579–85. The trial court's denial of a § 974.06 motion on that ground does not reach the merits of the defendant's ineffective assistance claim; it means the court did not have enough information to even grant a hearing on the merits of the claim. *See Lee*, 750 F.3d at 693. And, because the *Allen* rule is well-established and consistently followed in Wisconsin, a defendant can "procedurally default" his ineffective assistance claim if he fails to give the state trial court enough information to begin with. *Id.* at 693–94.

So, in the petitioner's case, *Allen* requires that his first set of § 974.06 motions had to contain facts that, if true, established his right to relief. With regard to his ineffective assistance claim, his

8

motion had to contain facts establishing that (1) the petitioner's trial counsel's performance was constitutionally deficient, and (2) but for counsel's errors, the result of the trial would have been different. *Allen*, 274 Wis. 2d at 587. If his § 974.06 motion did not show a reasonable probability that the result of the trial would have been different, the trial court did not need to evaluate the trial counsel's performance. *State v. Moats*, 156 Wis. 2d 74, 101, 457 N.W.2d 299 (1990).

Under the Wisconsin Supreme Court's decision in *State v. Escalona-Naranjo*,

> all grounds for relief under sec. 974.06 must be raised in a petitioner's original, supplemental, or amended motion . . . if the defendant's grounds for relief have been finally adjudicated, waived or not raised in a prior postconviction motion, they may not become the basis for a sec. 974.06 motion . . . *unless* the court ascertains that a "sufficient reason" exists for either the failure to allege or to adequately raise the issue in the original, supplemental or amended motion.

185 Wis. 2d 168, 181–84, 517 N.W.2d 157 (1994). The *Escalona-Naranjo* doctrine provides that a ground for relief raised by the defendant in a later-filed § 974.06 motion may be summarily denied by the trial court in its discretion, without a decision on the merits of the claim, if the ground for relief could have and should have been raised in the original, supplemental, or amended § 974.06 motion. An appeal from a trial court's denial of a later-filed § 974.06 motion under the *Escalona-Naranjo* doctrine may be procedurally barred if the appellate court determines that the defendant could have raised the grounds for relief in a prior motion but did not, and there is no sufficient reason that excuses his failure to do so. *State v. Tillman*, 281 Wis. 2d 157, 165, 696 N.W.2d 574 (Ct. App. 2005). In 2003, the Wisconsin Supreme Court reaffirmed the holding of *Escalona-Naranjo*:

> [W]e reaffirm our holding in *Escalona* that all claims of error that a criminal defendant can bring should be consolidated into one motion *or* appeal, and claims that could have been raised on direct appeal or in a previous § 974.06 motion are barred from being raised in a subsequent § 974.06 postconviction motion absent a

showing of a sufficient reason for why the claims were not raised on direct appeal or in a previous § 974.06 motion.

*State v. Lo*, 264 Wis. 2d 1, 22, 665 N.W.2d 756 (2003) (citation omitted).

> **D.**     **The petitioner's claims that his plea was involuntary, that his trial and appellate counsel were ineffective, and that the trial judge was biased at the plea and sentencing stages are procedurally defaulted.**

In this case, the state trial court denied the petitioner's first set of § 974.06 motions without holding an evidentiary hearing. ECF No. 19-18 at 2. On appeal, the state appellate court decided the case was appropriate for summary disposition under Wis. Stat. § 809.21, concluded that the trial court was not required to recuse itself from deciding the petitioner's postconviction motions, and affirmed the trial court's decision that the petitioner's ineffective assistance claim failed to meet the *Allen* rule, though it proceeded to address briefly the merits of that claim.[1] The state trial court denied the petitioner's second set of § 974.06 motions without a hearing, and the state appellate court affirmed because the claims he raised either had been decided previously by the state courts or could have been brought in a prior postconviction motion or appeal. ECF No. 19-24 at 3 (citing *Escalona-Naranjo*, 185 Wis. 2d at 185).

This court cannot reach the merits of the petitioner's claims that he should be able to withdraw his plea because it was involuntary, that the trial judge was biased against him through the sentencing phase of the state court proceedings, and that his trial and appellate counsel's

---

[1] Although the state appellate court included a short discussion of the merits of the petitioner's ineffective assistance claim in its decision, it first rendered an independent procedural ruling that the trial court properly denied the petitioner's motions "without an evidentiary hearing," under the *Allen* rule because "many of [his] allegations are conclusory at best." ECF No. 19-18 at 3–4. This court concludes that the state appellate court's procedural ruling that the petitioner's ineffective assistance claim failed to meet the *Allen* rule was its primary reason for affirming the trial court's denial of his ineffective assistance of counsel claims. For that reason, this court concludes that petitioner's claims that his trial and appellate counsel were ineffective are procedurally barred.

performances were constitutionally deficient in violation of the Sixth Amendment because those claims are procedurally defaulted. As explained below, the petitioner did not fairly present those claims to the state courts in the manner prescribed by state law, so this court cannot review them on the merits on habeas review.

>    1.    **The petitioner failed to provide sufficient factual support for his § 974.06 postconviction motions alleging that his trial and appellate counsel were ineffective and requesting to withdraw his plea because it was involuntary.**

The petitioner argues that he would not have entered his no contest pleas if his trial counsel had adequately investigated the facts of the state's criminal case. The petitioner also argues that his trial counsel rendered ineffective assistance because he failed to object to what the petitioner characterizes as "false evidence" used against him in the course of the pre-plea proceedings in state court. He argues that his appellate counsel was ineffective for failing to argue that the petitioner should have been able to withdraw his plea based on ineffective assistance of trial counsel. The petitioner presented these claims to the state trial court in his first set of § 974.06 motions, which that court denied without an evidentiary hearing.

The Wisconsin Court of Appeals' February 13, 2013, opinion affirming the trial court's denial of the petitioner's first set of § 974.06 motions, in which he argued his no contest plea was involuntary, is the "last explained state-court judgment," so this court looks to its reasoning to decide if the claims in the petitioner's habeas petition are procedurally barred. *Ylst*, 501 U.S. at 805. Citing *Allen*, the appellate court agreed with the trial court's decision that petitioner's § 974.06 motion, on its face, did not allege sufficient material facts to entitle him to an evidentiary hearing. ECF No. 19-18 at 4.

11

In affirming the trial court's denial of the petitioner's first set of § 974.06 motions, the Wisconsin Court of Appeals concluded that his ineffective assistance of counsel claims failed to meet the *Allen* rule and determined that many of his "allegations are conclusory at best." *Id.* The appellate court affirmed the trial court's dismissal of the motion without an evidentiary hearing because it concluded that none of the petitioner's claims were supported by facts that would support holding an evidentiary hearing. *Id.* In so holding, the Wisconsin Court of Appeals relied on the procedural rule established in *Allen* and agreed with the trial court's denial of the petitioner's ineffective assistance claims without a hearing. Therefore, *Allen*'s procedural rule is the primary basis for the state appellate court's decision, not the substantive merits of the petitioner's ineffective assistance claim.

Later, the petitioner filed a second round of § 974.06 motions in which he sought to withdraw his no contest plea based on "newly discovered evidence" and presenting again his claim of judicial bias. ECF No. 19-24 at 2–3. The state trial court denied that motion, and the state appellate court concluded that the petitioner's second set of § 974.06 motions were procedurally barred from appellate review because the petitioner had not raised his arguments in his prior motions and he did not establish a sufficient reason for his failure to do so. *Id.* at 3 (citing *Escalona-Naranjo*, 185 Wis. 2d at 185).

The Wisconsin Court of Appeals' December 27, 2013 opinion affirming the trial court's denial of the petitioner's second § 974.06 motion in which he argued his no contest plea was involuntary is the "last explained state-court judgment" addressing those particular claims, so this court looks to that opinion to decide if they are procedurally barred. *Ylst*, 501 U.S. at 805. In that opinion, the appellate court did not reach the merits of the petitioner's claims. Instead, the court

affirmed the trial court's denial of the petitioner's motion because he did "not provide a sufficient reason for not previously pursuing a motion for plea withdrawal and therefore his current motion is barred by *Escalona-Naranjo*." ECF No. 19-24 at 3. The court found that the petitioner's judicial bias claim "is a claim that has been previously decided" and did not review it on the merits, noting only that the so-called newly discovered evidence upon which it was based was "his own baseless assertions." *Id.* at 3 n.2. Again, the Wisconsin Court of Appeals clearly and expressly based its decision on state procedural rules, not the substantive merits of the petitioner's claims.

This court cannot review these claims on the merits if the state procedural bars are adequate grounds for denying relief. The court's review of the adequacy of the *Allen* and *Escalona-Naranjo* rules as a state ground for denying relief "is limited to whether it is a firmly established and regularly followed state practice at the time it is applied." *Lee*, 750 F.3d at 694. In *Lee*, the Seventh Circuit held that "[t]he *Allen* rule is a well-rooted procedural requirement in Wisconsin and is therefore adequate." *Id.* (citing *State v. Negrete*, 343 Wis. 2d 1, 819 N.W.2d 749 (2012); *State v. Balliette*, 336 Wis. 2d 358, 805 N.W.2d 334 (2011); *State v. Love*, 284 Wis. 2d 111, 700 N.W.2d 62 (2005); *State v. McDougle*, 347 Wis. 2d 302, 830 N.W.2d 243 (Ct. App. 2013)). Likewise, the Seventh Circuit has held that *Escalona-Naranjo*'s procedural bar is an adequate and independent state law ground of procedural default. *Perry v. McCaughtry*, 308 F.3d 682, 692 (7th Cir. 2002).

Consequently, the court finds the state procedural requirements relied on by the Wisconsin Court of Appeals to reject the petitioner's claims are adequate and independent grounds for denying relief. The court cannot review the petitioner's ineffective assistance and plea withdrawal claims because they are procedurally defaulted. The petitioner has not established cause for the default and resulting prejudice, or that a fundamental miscarriage of justice would result if this court did not consider his claims on the merits.

**2.      The petitioner's claims that the trial judge was biased at the plea and sentencing stage is procedurally defaulted because he did not make that claim in the state court system.**

In both of his § 974.06 motions, the petitioner argued that the judge who presided over his criminal case was biased and should have recused himself from considering the petitioner's postconviction motions.  ECF No. 19-18 at 1–2; ECF No. 19-24 at 1–2.  Yet, in his habeas brief, the petitioner contends that habeas relief is warranted because the trial judge was biased against him during the *plea and sentencing phases*.  ECF No. 20 at 25–27.  This claim is new.

The petitioner did not claim that the trial judge was biased throughout the state court proceedings that led to his no contest plea in either his first or second set of § 974.06 motions, or that the judge was biased against him at sentencing.  Consequently, except to the extent that the petitioner argues that the state courts erred in rejecting his claim that the trial judge was biased at the *postconviction stage*, this claim is procedurally defaulted because it was not presented to the state courts for evaluation in connection with the petitioner's other claims for postconviction relief and the petitioner has not established cause and prejudice sufficient to excuse his failure to do so.  *Coleman*, 501 U.S. at 750; *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

**E.      The petitioner is not entitled to habeas relief on his remaining claims.**

In addition to the procedurally defaulted claims discussed above, the petitioner also claimed that he is entitled to habeas relief because (1) the search of the house violated the Fourth Amendment; (2) the prosecution fabricated evidence and withheld evidence required to be disclosed pursuant to *Brady*; (3) the trial court relied on inaccurate information when determining his sentence; and (4) the trial court judge should have recused himself from ruling on the petitioner's postconviction motions.

14

The state courts rejected these claims on their merits. Upon review, this court concludes that habeas relief is not warranted because the state court's decision to reject these claims is neither contrary to nor an unreasonable application of clearly established federal law as determined by the Supreme Court.

### 1. The petitioner's Fourth Amendment claim is not cognizable on habeas review.

In *Stone v. Powell*, the United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 494 (1976). "Although both state and federal courts must apply the exclusionary rule at trial and on direct appeal, it is inappropriate to use the exclusionary rule as the basis of collateral relief because it would not appreciably augment the deterrence of improper police conduct." *Hampton v. Wyant*, 296 F.3d 560, 562 (7th Cir. 2002) (citing *Stone*, 428 U.S. at 493–95). In *Hampton*, the Seventh Circuit further explained:

> It is therefore not possible to move from a conclusion that seizure of evidence violated the fourth amendment to a holding that a writ of habeas corpus must issue. The exclusionary rule is not enforced on collateral attack. Put otherwise, a person imprisoned following a trial that relies, in part, on unlawfully seized evidence is not "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The seizure may have violated the Constitution, but the custody does not, because the exclusionary rule is a social device for deterring official wrongdoing, not a personal right of defendants.

*Id.* (citing *Reed v. Farley*, 512 U.S. 339, 347–48 (1994)). Put succinctly, "error on a fourth amendment issue does not support a writ of habeas corpus." *Id.* at 563.

Moreover, the petitioner already sought federal review of his Fourth Amendment claim. After he entered his pleas, he filed an action in federal district court under 42 U.S.C. § 1983, alleging

15

that the state police officers who searched the home violated his Fourth Amendment rights. *Kaprelian v. Bowers*, No. 09-CV-609 (E.D. Wis.). In that case, the defendants moved for summary judgment, and, at the time the district court ruled on their motion, the court was uncertain whether the state court's decision denying the petitioner's motion to suppress was preclusive of his claims under the Fourth Amendment. So, the district court reached the merits of the issue and concluded that his Fourth Amendment claim failed because "the undisputed facts reveal that the officers had consent to enter the home and search for evidence and that, upon search of the home, they found both the plaintiff and evidence. The officers' actions were justified based on Ms. Kemp's consent." *Kaprelian v. Bowers*, No. 09-CV-609, 2011 WL 612717, at \*5 (E.D. Wis. Feb. 11, 2011). On appeal, the Seventh Circuit held that the state court's decision on the petitioner's motion to suppress was preclusive of the Fourth Amendment issue. The court explained:

> In this case, the precise issue in question—whether the seizure of Kaprelian's videos violated the Fourth Amendment—was actually litigated and necessarily decided in the state criminal case. Kaprelian's motion to suppress challenged the seizure of *everything* that was taken from the house, explicitly mentioning all videos. The state judge heard argument from Kaprelian's attorney, and when the judge orally denied the motion, he found that the police officers had obtained Kemp's general consent to search the entire house and seize potential evidence. And there is nothing unfair about applying preclusion in this case. Kaprelian challenged the adverse suppression ruling on direct appeal, and there is no reason to suspect that the quality or extent of the Wisconsin suppression hearing fell below the threshold required to justify giving the ruling preclusive effect. Kaprelian had a strong incentive to vigorously challenge the search in the criminal proceeding, and the burden of proof has not shifted in his favor.
>
> The state court's adverse ruling on Kaprelian's motion to suppress precludes him from relitigating the constitutionality of the seizure of his videos.

*Kaprelian v. Bowers*, 460 F. App'x 597, 600 (7th Cir. 2012). In light of the Supreme Court's decision in *Stone* and the Seventh Circuit's decision in the petitioner's § 1983 action, the court concludes that the petitioner cannot obtain habeas relief on his Fourth Amendment claim.

**2.    The state court's resolution of the petitioner's *Brady* claim, his claim that the trial court relied on inaccurate information at sentencing, and that the trial judge was biased at the postconviction stage are not contrary to or an unreasonable application of Supreme Court case law.**

In his first set of § 974.06 motions (at issue in 2012AP396), the petitioner argued (1) that the state used false evidence against him and withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (2) that in determining the petitioner's sentence, the trial court violated his due process rights by relying on inaccurate information regarding the petitioner's control over the victim's finances; and (3) that the trial court judge should have recused himself from deciding the petitioner's postconviction motions, because he was biased against the petitioner. ECF No. 19-10 at 23–26, 29.

### i.    Standard of review.

The state appellate court rejected all of these claims, but did not expressly refer to his *Brady* claim or his due process claim arising out of the sentencing process. However, that court acknowledged that the petitioner had raised other arguments in his § 974.06 motions which the court did not address, citing Wisconsin Supreme Court case law holding that "[a]n appellate court is not a performing bear, required to dance to each and every tune played on an appeal." ECF No. 19-18 at 5 n.2 (citing *State v. Waste Mgm't of Wis., Inc.*, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978)). That court stated: "To the extent we have not addressed an argument raised by [the petitioner] on appeal, the argument is deemed rejected." *Id.*

Because these claims were not procedurally defaulted in the state court proceedings, the court must determine the appropriate standard of review under which to review them. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal habeas court may not

grant relief to a state prisoner whose claim has been "adjudicated on the merits in State court proceedings unless the adjudication of the claim— (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1)–(2). This is known as "AEDPA deference." *See Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015).

The petitioner argues that this court should not apply AEDPA deference to these claims, because the Wisconsin Court of Appeals did not expressly discuss them in its opinions. ECF Nos. 35 & 37. Citing the Seventh Circuit's recent decisions in the habeas cases *Thomas v. Clements*, 789 F.3d 760 (7th Cir. 2015), and *Benson v. Douma*, 626 F. App'x 171 (7th Cir. 2015), the petitioner argues that the court should review these claims de novo. *Id.* Both *Benson* and *Thomas* hold that de novo is appropriate if the federal habeas court finds that the state court did not address the merits of a claim (or one prong of a claim, as in *Thomas*). *Benson*, 626 F. App'x at 174–75; *Thomas*, 789 F.3d at 766–67.

In this case, the court must apply AEDPA deference to the Wisconsin Court of Appeals' decision because that court rejected the petitioner's claims on their merits, even though the state appellate court did not explain the basis for its rejection of each individual claim that the petitioner raised. In *Harrington v. Richter*, the Supreme Court held that § 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.' . . . When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication

18

or state-law procedural principles to the contrary." 562 U.S. 86, 100 (2011). But, "[t]he presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." *Id.* at 99–100. Two years later, in *Johnson v. Williams*, 568 U.S. 289 (2013), the Supreme Court discussed the level of deference appropriate to give the type of order the state court issued in this case, in which the state court explained its rejection of some but not all of the petitioner's claims. *Id.* at 298. The Supreme Court explained that it saw "no reason why the *Richter* presumption should not also apply when a state-court opinion addresses some but not all of a defendant's claims." *Id.* The Court in *Johnson* held: "When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits—but that presumption can in some limited circumstances be rebutted." *Id.* at 301.

In this case, the Wisconsin Court of Appeals rejected all of the claims that the petitioner raised in both sets of his § 974.06 motions. The panel that decided the petitioner's first set of § 974.06 motions expressly acknowledged that he had presented more claims than were addressed in the panel's opinion and exercised its authority to reject the petitioner's claims without discussing each and every argument he raised. ECF No. 19-18 at 5 n.2. Under *Richter*, a state court does not need "to give reasons before its decision can be deemed" on the merits, 562 U.S. at 100, and the petitioner has done nothing to rebut the presumption that the state court adjudicated his claims on the merits even though the court did not explain why it rejected each claim. Consistent with the Supreme Court's opinion in *Johnson*, this court presumes that the state appellate court considered the petitioner's claims on their merits and reviews the petitioner's *Brady*, sentencing, and judicial bias claims under § 2254(d) with AEDPA deference to the state court adjudication.

19

### ii. The petitioner failed to establish that the state court's rejections of these claims are contrary to or an unreasonable application of federal law.

First, invoking *Brady*, the petitioner argues that he requested potentially exculpatory evidence in a pre-plea discovery demand, but he did not receive the information he requested. ECF 19-10 at 47–48. In *Brady*, the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. In the state court proceedings, the petitioner did not specifically explain what evidence the state withheld, nor did he clearly describe what evidence the state used that was "false." In the petitioner's habeas brief, he appears to argue that the recording the court found to be evidence of his abuse of the victim instead reflected "a consensual sex act" and was "manufactured" by the state to represent evidence of abuse. ECF No. 20 at 16–17, 23. He further appears to argue that the state investigators cajoled or coerced the victim "to give perjurious statements" regarding the search of the house that yielded evidence of the petitioner's crime.

Despite the petitioner's protestations, his petition and brief do not demonstrate that the state appellate court erred by rejecting this claim. Instead, the petitioner's filings consist of self-serving characterizations of the evidence that was before the trial court before he entered his no contest pleas which included the victim's statement to police, the evidence of the victim's "numerous injuries," and the petitioner's statement that he "had gone too far" and that he "knew he was in trouble for what he had done." ECF No. 19-18 at 4–5. The court concludes that the state court's rejection of his *Brady* claim is not contrary to or an unreasonable application of the *Brady* doctrine.

20

Next, this court cannot conclude that the state appellate court erred by rejecting the petitioner's claim that his due process rights were violated based on the use of inaccurate factual information at sentencing. In order to establish a due process right to re-sentencing, the petitioner must show both that the sentencing court had inaccurate information before it and relied on the inaccurate information in determining the sentence. *United States v. Tucker*, 404 U.S. 443, 447–48 (1972); *Townsend v. Burke*, 334 U.S. 736, 741 (1948). Here, the petitioner argues that the victim falsely told the author of the presentence investigation report that the petitioner controlled her personal finances, and he asserts that the trial court used that information to increase his sentence in violation of his due process rights. But the record reflects otherwise. At the sentencing hearing, the trial court referred to information contained in a presentence investigation report, which incorporated statements given by the victim to the investigator. *See generally* ECF No. 19-30. The court asked the attorneys for the state and the petitioner if there were factual statements in the presentence investigation report that needed to be corrected. *Id.* at 3. Both attorneys said no. *Id.* Although the trial court referred to an error in the presentence report about one of the charges, the petitioner did not raise any objection as to the facts contained in the report. Accordingly, the court cannot find that the state court's rejection of this claim is contrary to or an unreasonable application of federal law as determined by the Supreme Court.

Finally, the petitioner argues that he is entitled to habeas relief because the trial judge should have recused himself from deciding the petitioner's § 974.06 motions because he was biased against him at the postconviction stage. "The Due Process Clause clearly requires a fair trial in a fair tribunal before a judge with no actual bias against the defendant or interest in the outcome of his particular case." *Bracy v. Gramley*, 520 U.S. 899, 904–05 (1997) (internal citation and quotation marks

omitted). "The Due Process Clause may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties. But to perform its high function in the best way, justice must satisfy the appearance of justice." *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 825 (1986) (internal citation and quotation marks omitted). The judge must have no "direct, personal, substantial, pecuniary interest in reaching a conclusion against him in his case." *Id.* at 822 (quoting *Tumey v. Ohio*, 273 U.S. 510, 523 (1927)). Due process also may require recusal if a litigant's abusive personal attacks on the judge "were apt to strike at the most vulnerable and human qualities of a judge's temperament" and were so serious as to "personally embroil" the judge and the litigant. *Del Vecchio v. Ill. Dep't of Corrs.,* 31 F.3d 1363, 1373 (7th Cir. 1994) (comparing *Mayberry v. Pennsylvania*, 400 U.S. 455 (1971), with *Ungar v. Sarafite*, 376 U.S. 575 (1968)). The Supreme Court has explained that it is difficult to "define[] with precision" when a judge must recuse himself, but "a reasonable formulation of the issue is whether the situation is one which would offer a possible temptation to the average judge to lead him not to hold the balance nice, clear and true." *Aetna Life Ins. Co.*, 475 U.S. at 822 (internal citation and quotation marks omitted).

In this case, the state appellate court explained that the question of judicial bias is one of "constitutional fact," which the state appellate court reviewed de novo. ECF No. 19-18 at 3. That court found that the petitioner's "primary reason for seeking recusal is that the court once wrote a letter to [the petitioner], expressing its belief that [he] was represented by 'very competent trial counsel.'" *Id.* at 2. That court found that the judge's statement was not evidence of judicial bias and concluded that the petitioner "has not otherwise shown bias by a preponderance of the evidence" and rejected the claim. *Id.* This court finds that the state appellate court's decision is neither

22

contrary to nor an unreasonable application of the due process standards announced by the Supreme Court. Therefore, the court denies habeas relief on this claim.

### F. The court does not issue a certificate of appealability.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

If a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* If a district court dismissed a habeas petition based on procedural grounds without reaching the underlying constitutional claims, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Each showing is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

In this case, the court concludes that its decisions that the petitioner's claims that he should be able to withdraw his plea, that his trial and appellate counsel's performances were constitutionally

deficient in violation of the Sixth Amendment, and that the trial judge was biased against him through the sentencing phase of the state court proceedings are procedurally defaulted are not incorrect or debatable among jurists of reason. Likewise, the court concludes that its decisions that the petitioner is not entitled to habeas relief on his claims arising under the Fourth Amendment and *Brady*, that his arguments that his sentence was based on inaccurate information, and that the trial judge was biased at the postconviction stage are not incorrect or debatable among jurists of reason. Therefore, the court will not issue a certificate of appealability.

## CONCLUSION

For the reasons explained above, the court concludes the petitioner is not entitled to habeas relief on any of the claims he presented in his petition. The court will not issue a certificate of appealability because the petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the court **DENIES** the petition, and directs the Clerk to enter judgment dismissing the action.

Dated this _20th_ day of December, 2017.

                                    _s/ William C. Griesbach_
                                    William C. Griesbach, Chief Judge
                                    United States District Court